DECISION
Plaintiff appeals Defendant's Notices of Deficiency Assessment, dated August 21, 2007, for tax years 1999 and 2001. A trial was held in the Tax Court Courtroom, Salem, Oregon, on October 26, 2009. Plaintiff appeared on her own behalf. Defendant was represented by Penny DeTello (DeTello), Tax Auditor.
Plaintiff's Exhibits 1 though 10 and Defendant's Exhibits A through D were submitted and received.
 I. STATEMENT OF FACTS
Plaintiff's federal income tax returns for tax years 1999 and 2001 were audited. On July 1, 2004, Form 4549, Income Tax Examination Changes was signed by Paul Hoggatt, a Department of Treasury, Internal Revenue Service (IRS) employee. (Ptf's Ex 1.) Plaintiff accepted the IRS proposed changes on July 19, 2004, and returned a copy of the signed Form 4549 to the IRS which it received on July 20, 2004. (Id.) Plaintiff testified that she did not notify Defendant of the changes to her federal tax income for either tax year nor did she file an amended Oregon state income tax return to report the IRS changes to Defendant.
Plaintiff testified that Defendant notified her of its proposed changes to her Oregon state income tax returns for tax years 1999 and 2001 in a letter dated May 2, 2007. (Ptf's Ex 2.) In a *Page 2 
letter dated August 6, 2007, Plaintiff notified Defendant that, as she stated in a "phone conversation," Plaintiff concluded "that the statue (sic) of limitation was expired on these tax dates. * * * [T]he two year status (sic) of limitation was up 7/20/06 for all these tax years." (Ptf's Ex 3.) In response, DeTello testified that Defendant electronically received EOAD/FEDSTAR RAR from the IRS on September 12, 2005. (See also Def's Ex B.) She testified that according to Oregon Department of Revenue disclosure office employees "it is not possible to change or open" the IRS electronic transmission until the "received date" is entered. DeTello testified that Defendant sent a copy of its audit report to Plaintiff on June 19, 2007, and "a copy of the original RAR that [it] received from IRS was sent to [Plaintiff] on 08/16/07." (Def's Answer.)
Plaintiff continued to challenge Defendant's assessment for each tax year by written correspondence on September 12, 2008, and October 15, 2008. (Ptf's Exs 4, 5.) Plaintiff's Complaint was filed December 8, 2008.
Plaintiff testified that there is no evidence Defendant received the electronic EOAD/FEDSTAR RAR on September 12, 2005. She concludes that ORS314.380(2)(a)(A) requires an "IRS date stamp" to "protect the taxpayer" from the Department of Revenue "issuing notices of assessment after the two year statute of limitation has expired." Plaintiff concludes that, without an "IRS stamp" to show when Defendant received notice of the IRS changes to Plaintiff's income, Defendant's Notices of Assessment, dated August 21, 2007, are beyond "the two years statute of limitation" and the "taxes cannot be assessed." *Page 3 
 II. ANALYSIS
Every taxpayer in the state of Oregon has a statutory obligation to notify Defendant of "any change in the taxpayer's taxable income that is subject to tax by this state or any change in the taxpayer's tax liability paid to or owing this state because:
 "(A) the Internal Revenue Service or other competent authority has changed or corrected the amount of a taxpayer's taxable income, tax credit or other amount taken into account in determining the taxpayer's tax liability as reported on a federal income tax return or an income tax return of another state for any taxable year[.]"
ORS 314.380(2)(a).[1] Plaintiff accepted the IRS proposed changes to her taxable income for tax years 1999 and 2001. In her Complaint, Plaintiff is not challenging the IRS changes to her 1999 and 2001 taxable income which subsequently were reported to Defendant by the IRS. Plaintiff did not report the IRS changes to Defendant. Plaintiff failed to fulfill her statutory obligation to notify Defendant of the IRS changes.
Plaintiff is challenging Defendant's authority to issue Notices of Deficiency Assessment, dated August 21, 2007, for tax years 1999 and 2001.[2] Defendant has two years from the date it is notified of the federal correction to a taxpayer's taxable income in which to issue a deficiency. ORS 314.410(4)(b)(A). Defendant asserts that it received electronic notification of the changes to Plaintiff's taxable income on September 12, 2005. Defendant's notices were issued within the two year period from the date of receipt of the IRS electronic notification.
Plaintiff challenges the date Defendant received the IRS notification because the electronic transmission titled EOAD/FEDSTART RAR does not have an IRS date stamp. *Page 4 
Plaintiff alleges that ORS 314.380(2)(a)(A) requires an IRS date stamp on the notification. The statute does not set forth any notice requirements, including a requirement that an IRS date stamp be affixed to the notification.
Plaintiff has the burden of proof. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmativerelief." ORS 305.427 (2005) (emphasis added). Plaintiff must establish her claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. of Rev., 4 OTR 302 (1971)). Plaintiff offered no evidence to support her challenge that the date appearing on the electronic transmissions titled EOAD/FEDSTART RAR was other than September 12, 2005. (Ptf's Ex B.) Plaintiff stated a belief that, because she concluded the audit with the IRS in late July 2004, Defendant should have received notice from the IRS soon thereafter and not 14 months later on September 12, 2005. Plaintiff presented no evidence to support her belief. After Plaintiff had agreed to the IRS changes, she could have ensured Defendant received prompt notice of the changes if she had fulfilled her statutory obligation to notify Defendant. If she had provided Defendant that notice, there would be no issue before the court.
 III. CONCLUSION
After careful review of the evidence and testimony, the court concludes that Defendant's Notices of Deficiency Assessment issued to Plaintiff on August 21, 2007, for tax years 1999 and *Page 5 
2001 were within the two years of receipt of its notification from the IRS and in compliance with ORS 314.410(3)(b)(A). Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of January 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJanuary 8, 2010. The Court filed and entered this document on January 8,2010.
[1] References to the Oregon Revised Statutes (ORS) are to year 2007.
[2] DeTello testified as to the date the Notices of Deficiency Assessment were issued. *Page 1